**UNITED STATES of America**

v.

**Christopher WILLIAMS, Appellant.**

**No. 91–3071.**

United States Court of Appeals, District of Columbia Circuit.

April 29, 1994.

---

G. Godwin Oyewole, Alexandria, VA, filed the brief for appellant after remand.

John R. Fisher and Thomas C. Black, Asst. U.S. Attys., Washington, DC, filed the brief for appellee after remand. With them on the brief was J. Ramsey Johnson, U.S. Atty., Washington, DC, at the time the brief was filed.

Before: EDWARDS, WILLIAMS, and RANDOLPH, Circuit Judges.

Opinion for the court filed PER CURIAM.

PER CURIAM:

■ We retained jurisdiction over this case and remanded the record for findings of fact and conclusions of law. *United States v. Williams,* 951 F.2d 1287 (D.C.Cir.1991). The district court had sustained, over defendant's Fourth Amendment objection, a search that produced incriminating evidence, but the court had failed to "state its essential findings on the record" in compliance with Rule 12(e) of the Federal Rules of Criminal Procedure. As a result, we were unable to discern what facts the court deemed essential and we could not tell what legal reasoning the court had followed. 951 F.2d at 1289–90. Of the three possible legal grounds supporting the search, only one—based on *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968)—encountered no analytical difficulties, but in the district court the government had not defended the search on the basis of *Terry.* Our general rule is that issues neither raised nor decided in the court below cannot be considered on appeal. 951 F.2d at 1290. The government never raised the *Terry* issue. The question remained: did the district court nevertheless decide it, although without saying so? On remand, the district court answered yes. The court's findings of fact, which are supported by the record, and its conclusions of law, rest on the *Terry* -stop rationale set forth in our opinion, 951 F.2d at 1289–90; that is, articulable suspicion turned into probable cause when one of the officers saw a ziplock bag protruding from defendant's pocket. Accordingly, the judgment of the district court is

*Affirmed.*